IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00652-EWN-MJW

GLENN CURTIS,

Plaintiff,

v.

HENRY MERRITT PAULSON,

Defendant.

---

## RECOMMENDATION THAT ACTION BE DISMISSED
## DUE TO PLAINTIFF'S FAILURE TO APPEAR, FAILURE TO COMPLY WITH COURT ORDERS, AND FAILURE TO PROSECUTE

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


This case is before this court pursuant to a General Order of Reference to United States Magistrate Judge issued by District Judge Edward W. Nottingham on April 3, 2007.  (Docket No. 2).

In a Minute Order dated April 4, 2007, this court directed the pro se plaintiff to forthwith serve the summons and complaint on the defendant pursuant to Fed. R. Civ. P. 4 and file written proof of service on or before April 25, 2007, or show cause why this case should not be dismissed for lack of service and lack of prosecution.  (Docket No. 3).  On April 30, 2007, the pro se plaintiff submitted a number of documents on which the statement "Refusal for Cause" was written on each page.  Included in those documents was this court's April 4, 2007, Minute Order (see Docket No. 5 at 10, 12,

2

13).  None of the documents submitted included proof of service on the defendant or

attempted to show cause why this case should not be dismissed for lack of service and

lack of prosecution.  (Docket No. 5).

Inasmuch as plaintiff thus failed to comply with this court's April 4, 2007, Minute

Order, this court issued another Minute Order on May 1, 2007, setting a status

conference in this matter on May 11, 2007, at 10:00 a.m.  (Docket No. 6).  Plaintiff was

directed to appear in person for that conference and was specifically advised in the

Minute Order that "failure to appear in person for this conference will result in a

recommendation to Judge Nottingham that sanctions be imposed, including dismissal

of this action for failure to prosecute, failure to appear, and failure to comply with court

orders."  (Docket No. 6).  As before, plaintiff once again returned the court's Minute

Order with hand-written notations "Refusal for Cause."  (Docket No. 8 at 4, 5, 8).  This

court thus finds that the plaintiff had notice of the Status Conference and the possible

penalty for failure to appear, yet he did not appear for the conference as directed.  In

addition, he did not move for a continuance or even telephone the court at the time set

for the conference.  Instead, he continued his bizarre practice of returning the court's

orders with red-inked notations "Refusal for Cause."  The court notes that the weather

on the day of the conference was in the 80s, and the roads were clear.

Rule 41(b) provides in pertinent part:

> For failure of the plaintiff to prosecute or to comply with these rules or any
> order of court, a defendant may move for dismissal of an action or of any
> claim against the defendant.  Unless the court in its order for dismissal
> otherwise specifies, a dismissal under this subdivision and any dismissal
> not provided for in this rule . . . operates as an adjudication upon the

3

merits.

Fed. R. Civ. P. 41(b).

Furthermore, Rule 16(f) provides in pertinent part that "[i]f a party . . . fails to obey a scheduling or pretrial order . . .  the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). . . ."  Fed. R. Civ. P. 26(f).  Rule 37(b)(2)(B), (C), and (D), which is referenced in Rule 16(f), permits the following sanctions:

> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or **dismissing the action or proceeding** or any part thereof, or rendering a judgment by default against the disobedient party;
>
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(B), (C), (D) (emphasis added).

Based upon the foregoing, it is hereby

**RECOMMENDED** that this action be dismissed pursuant to Fed. R. Civ. P. 16(f), and/or 41(b) based upon the plaintiff's failure to prosecute, failure to appear, and repeated failure to comply with court orders.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file**

4

**written, specific objections to the above recommendation with the District Judge**

**assigned to the case.  The District Judge need not consider frivolous, conclusive,**

**or general objections.  A party's failure to file and serve such written, specific**

**objections waives *de novo* review of the recommendation by the District Judge,**

**Fed. R. Civ. P. 72(b), <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives**

**appellate review of both factual and legal questions.  <u>Makin v. Colorado Dep't of</u>**

**<u>Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411,**

**1412-13 (10th Cir. 1996).**


Dated:     May 16, 2007       <u>s/ Michael J. Watanabe</u>
           Denver, Colorado    Michael J. Watanabe
                                United States Magistrate Judge